IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YAINA DEL MOLINA DE BORGES,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | **8:25CV100**<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |

In this case, a *pro se* citizen and national of Venezuela seeks an "order to compel Defendant [the Director of United States Citizenship and Immigration Services] to issue a bona fide determination on [her] pending Form I-918 and/or Form(s) I-918A and [her] related Form(s) I-765 for work authorization." Filing 1. As explained in § I.A. below, this matter is far from a lone *pro se* complaint by a single migrant challenging a delay in the determination of her pending U-visa (non-immigrant visa) to work in the United States; to the contrary, Plaintiff's suit is just one of many substantively identical suits filed in this District. This case is now before the Court on Defendant's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Filing 5. Plaintiff filed no response. For the reasons set out below, Defendant's Motion is granted.

## I. INTRODUCTION

### A. The Spate of Substantively Identical *Pro Se* Immigration Cases

As a preliminary matter, the Court points out that this case is one of approximately 140 substantively identical *pro se* cases filed in this District by migrants since the beginning of 2025 and that these cases are currently assigned to seven different judges. With the exception of some allegations of personal details about each plaintiff, the *pro se* Complaints are identical in the

single claim asserted and the factual and legal background alleged in support of that claim. *See* Filing 1 *passim*. The *pro se* plaintiffs are from several different countries and now reside in several different states, yet each *pro se* plaintiff indicates at least initially that he or she has the same mailing address: 1111B S Governors Ave, STE 25136, Dover, DE, 19904. *See* Filing 1 at 2 (¶ 8). Each plaintiff also explains that this mailing address "is more reliable for receiving mail timely than [the plaintiff's] home address, which is why [each] request[s] the Court and Defense counsel use [the plaintiff's] mailing address." Filing 1 at 3 (¶ 12).[1]

[1] As of May 1, 2025, there were 142 such cases. Two cases that appear to be filed by the same plaintiff are shown in **bold.** The cases are listed here organized by the judges to whom they are assigned. Specifically,

The cases assigned to Chief Judge Robert F. Rossiter, Jr., are the following: ***Harshkumar Patel v. Director, USCIS*, 8:25cv59-RFR-MDN** (filed 2/10/2025; Motion to dismiss filed 3/27/2025); *Kumar v. Director, USCIS*, 8:25cv92-RFR-MDN (filed 2/14/2025; motion to dismiss filed 3/27/2025); *Carrasco v. Director, USCIS*, 8:25cv110-RFR-JMD (filed 2/19/2025; motion to dismiss filed 3/31/2025); *Nilesh Patel v. Director, USCIS*, 8:25cv124-RFR-MDN (filed 2/24/2025; motion to dismiss filed 4/7/2025); *Flores v. Director, USCIS*, 8:25cv126-RFR-RCC (filed 2/24/2025; motion to dismiss filed 3/31/2025); *Real v. Director, USCIS*, 8:25cv128-RFR-MDN (filed 2/24/2025; motion to dismiss filed 3/26/2025); *Ramirez v. Director, USCIS*, 8:25cv137-RFR-RCC (filed 2/25/2025); *Alvarez v. Director, USCIS*, 8:25cv177-RFR-RCC (filed 3/10/2025); *Alvarado v. Director, USCIS*, 8:25cv183-RFR-MDN (filed 3/13/2025); *Prajapati v. Director, USCIS*, 8:25cv184-RFR-JMD (filed 3/13/2025); *Degala v. Director, USCIS*, 8:25cv189-RFR-MDN (filed 3/17/2023); *Maknojia v. Director, USCIS*, 8:25cv200-RFR-MDN (filed 3/19/2025); *Jesani v. Director, USCIS*, 8:25cv209-RFR-JMD (filed 3/24/2025); *Noorani v. Director, USCIS*, 8:25cv221-RFR-JMD (filed 3/27/2025); *Vijaykuma Patel v. Director, USCIS*, 8:25cv232-RFR-MDN (filed 3/31/2025); *Ayala v. Director, USCIS*, 8:25cv248-RFR-RCC (filed 4/4/2025); *Desai v. Director, USCIS*, 8:25cv261-RFR-MDN (filed 4/8/2025); *Umeshbhai Patel v. Director, USCIS*, 8:25cv266-RFR-RCC (filed 4/9/2025); *Acevedo v. Director, USCIS*, 8:25cv274-RFR-RCC (filed 4/11/2025); *Kalpesh Patel v. Director, USCIS*, 8:25cv279-RFR-MDN (filed 4/14/2025); *Cubias v. Director, USCIS*, 8:25cv288-RFR-JMD (filed 4/17/2025); *Licea v. Director, USCIS*, 8:25cv290-RFR-MDN (filed 4/17/2025); *Gonzalez v. Director, USCIS*, 8:25cv302-RFR-MDN (filed 4/21/2025).

The cases assigned to the undersigned are the following: *Hirenkumar Patel v. Director, USCIS*, 8:25cv58-BCB-RCC (filed 2/10/2025; motion to dismiss filed 3/25/2025); *Vaishnavi Patel v. Director, USCIS*, 8:25cv65-BCB-RCC (filed 2/11/2025; motion to dismiss filed 3/25/2025); *Monroy v. Director, USCIS*, 8:25cv74-BCB-MDN (filed 2/12/2025; motion to dismiss filed 3/24/2025); *Shaik v. Director, USCIS*, 8:25cv80-BCB-JMD (filed 2/13/2025; motion to dismiss filed 3/25/2025); *Rodriguez v. Director, USCIS*, 8:25cv84-BCB-JMD (filed 2/13/2025; motion to dismiss filed 3/25/2025); *De Borges v. Director, USCIS*, 8:25cv100-BCB-MDN (filed 2/18/2025; motion to dismiss filed 3/31/2025); *Dhavalkumar Patel v. Director, USCIS*, 8:25cv109-BCB-MDN (filed 2/19/2025; motion to dismiss filed 3/31/2025); *Oliva v. Director, USCIS*, 8:25cv120 (filed 2/21/2025; motion to dismiss filed 4/3/2025); *Urbina v. Director, USCIS*, 8:25cv131-BCB-RCC (filed 2/24/2025); *Amaya v. Director, USCIS*, 8:25cv138-BCB-MDN (filed 2/25/2025; motion to dismiss filed 4/3/2025); *Prajapati v. Director, USCIS*, 8:25cv139-BCB-JMD (filed 2/25/2025); *Ayala v. Director, USCIS*, 8:25cv149-BCB-RCC (filed 2/26/2025); *Aybar v. Director, USCIS*, 8:25cv159-BCB-MDN (filed 2/28/2025); *Valentino v. Director, USCIS*, 8:25cv167-BCB-MDN (filed 3/3/2025; motion to dismiss filed 4/3/2025); *Quiroz v. Director, USCIS*, 8:25cv191-BCB-MDN (filed 3/17/2025); *Paras Patel v. Director, USCIS*, 8:25cv206-BCB-RCC (filed 3/21/2025); *Pradipkumar Patel v. Director, USCIS*, 8:25cv216-BCB-MDN (filed 3/26/2025); *Aesha Patel v. Director, USCIS*, 8:25cv222-BCB-JMD (filed 3/27/2025); *Solis v. Director, USCIS*, 8:25cv242-BCB-RCC (filed 4/2/2025); *Hernandez v. Director, USCIS*, 8:25cv255-BCB-MDN (filed 4/7/2025);

*Madriz v. Director, USCIS*, 8:25cv257-BCB-MDN (filed 4/7/2025); *Ugarte v. Director, USCIS*, 8:25cv275-BCB-RCC (filed 4/11/2025); *Mendoza v. Director, USCIS*, 8:25cv286-BCB-JMD (filed 4/17/2025); *Rhitkumar Patel v. Director, USCIS*, 8:25cv313-BCB-RCC (filed 4/28/2025); *Miteshkumar Patel v. Director, USCIS*, 8:25cv315-BCB-MDN (filed 4/28/2025); *Chaudhari v. Director, USCIS*, 8:25cv318-BCB-RCC (filed 4/28/2025).

The cases assigned to Judge Susan M. Bazis are the following: *Vizcarra v. Director, USCIS*, 8:25cv78-SMB-MDN (filed 2/12/2025; motion to dismiss filed 3/24/2025); *Jani v. Director, USCIS*, 8:25cv90-WMB-RCC (filed 2/14/2025; motion to dismiss filed 3/31/2025); *Gomez v. Director, USCIS*, 8:25cv91-SMB-MDN (filed 2/14/2025; motion to dismiss filed 3/31/2025); ***Harshkumar Patel v. Director, USCIS*, 8:25cv96-SMB-MDN** (filed 2/18/2025; motion to dismiss filed 4/7/2025); *Nirav Mukeshkumar Patel v. Director, USCIS*, 8:25cv105-SMB-MDN (filed 2/18/2025; motion to dismiss filed 3/25/2025); *Mota v. Director, USCIS*, 8:25cv113-SMB-JMD (filed 2/19/2025; motion to dismiss filed 3/26/2025); *Banda v. Director, USCIS*, 8:25cv136-SMB-JMD (filed 2/25/2025; motion to dismiss filed 4/7/2025); *Munoz v. Director, USCIS*, 8:25cv144-SMB-MDN (filed 2/26/2025); *Guarguati v. Director, USCIS*, 8:25cv146-SMB-JMD (filed 2/26/2025); *Darji v. Director, USCIS*, 8:25cv156-SMB-MDB (filed 2/27/2025); *Hernandez v. Director, USCIS*, 8:25cv166-SMB-MDN (filed 3/3/2025); *Avina v. Director, USCIS*, 8:25cv170-SMB-MDN (filed 3/4/2025; motion to dismiss filed 4/3/2025); *Sanchez v. Director, USCIS*, 8:25cv171-SMB-RCC (filed 3/4/2025); *Vazquez v. Director, USCIS*, 8:25cv185-SMB-MDN (filed 3/13/2025); *Zala v. Director, USCIS*, 8:25cv202-SMB-RCC (filed 3/19/2025); *Prudhvi Tadikonda v. Director, USCIS*, 8:25cv203-SMB-MDN (filed 3/19/2025); *Akhil Tadikonda v. Director, USCIS*, 8:25cv204-SMB-MDN (filed 3/19/2025); *Palvai v. Director, USCIS*, 8:25cv212-SMB-RCC (filed 3/25/2025); *Tolentino v. Director, USCIS*, 8:25cv219-SMB-RCC (filed 3/26/2025); *Bain v. Director, USCIS*, 8:25cv231-SMB-MDN (filed 3/31/2025); *Hernandez v. Director, USCIS*, 8:25cv249-SMB-MDN (filed 4/4/2025); *Subhadraben Patel v. Director, USCIS*, 8:25cv273-SMB-MDN (filed 4/11/2025); *Dixitkumar Patel v. Director, USCIS*, 8:25cv287-SMB-MDN (filed 4/17/2025); *Alpesh Patel v. Director, USCIS*, 8:25cv301-SMB-JMD (filed 4/21/2025); *Kuppam v. Director, USCIS*, 8:25cv314-SMB-MDN (filed 4/28/2025); Jain v. Director, USCIS, 8:25cv324-SMB-MDN (filed 5/1/2023).

The cases assigned to Senior Judge Joseph F. Bataillon are the following: *Thanam v. Director, USCIS*, 8:25cv52-JFB-RCC (filed 2/7/2025; motion to dismiss filed 3/26/2025); *Kalpeshkumar Patel v. Director, USCIS*, 8:25cv60-JFB-MDN (filed 2/10/2025; motion to dismiss filed 3/24/2025); *Sonani v. Director, USCIS*, 8:25cv68-JFB-JMD (filed 2/11/2025; motion to dismiss filed 3/25/2025); *Jaiminkumar Patel v. Director, USCIS*, 8:24cv69-JFB-RCC (filed 2/11/2025; motion to dismiss filed 3/26/2025); *Akshar Patel v. Director, USCIS*, 8:25cv71-JFB-JMD (filed 2/11/2025; motion to dismiss filed 3/24/2025); *Chong v. Director, USCIS*, 8:25cv81-JFB-MDN (filed 2/13/2025; motion to dismiss filed 4/11/2025); *Sureshbhai Patel*, 8:25cv89-JFB-RCC (filed 2/14/2025; motion to dismiss filed 3/31/2025); *Torrez v. Director, USCIS*, 8:25cv104-JFB-RCC (filed 2/18/2025; motion to dismiss filed 3/25/2025); *Valdivia v. Director, USCIS*, 8:25cv111-JFB-RCC (filed 2/19/2025; motion to dismiss filed 3/25/2025); *Kinjal Patel v. Director, USCIS*, 8:25cv125-JFB-JMD (filed 2/24/2025; motion to dismiss filed 3/31/2025); *Colmenares v. Director, USCIS*, 8:25cv127-JFB-RCC (filed 2/24/2025; motion to dismiss filed 3/31/2025); *Bhavnabahen Patel v. Director, USCIS*, 8:25cv147-JFB-RCC (filed 2/26/2025); *Lopez v. Director, USCIS*, 8:25cv154-JFB-JMD (filed 2/27/2025); *Hernandez v. Director, USCIS*, 8:25cv165-JFB-PRSE (filed 3/3/2025); *Gonzalez v. Director, USCIS*, 8:25cv168-JFB-JMD (filed 3/3/2025; motion to dismiss filed 4/3/2025); *Banoth v. Director, USCIS*, 8:25cv172-JFB-JMD (filed 3/6/2025); *Reza v. Director, USCIS*, 8:25cv176-JFB-RCC (filed 3/10/2025); *Kata v. Director, USCIS*, 8:25cv179-JFB-RCC (filed 3/11/2025; stipulation for dismissal as moot filed 4/21/2025); *Valdovinos v. Director, USCIS*, 8:25cv207-JFB-RCC (filed 3/21/2025); *Acevedo v. Director, USCIS*, 8:25cv215-JFB-RCC (filed 3/26/2025); *Dhruv Patel v. Director, USCIS*, 8:25cv225-JFB-RCC (filed 3/28/2025); *Joel Molina v. Director, USCIS*, 8:25cv226-JFB-MDN (filed 3/28/2025); *Rangara v. Director, USCIS*, 8:25cv227-JFB-RCC (filed 3/28/2025); *Falgunkumar Patel v. Director, USCIS*, 8:25cv250-JFB-MDN (filed 4/4/2025); *Romero v. Director, USCIS*, 8:25cv254-JFB-RCC (filed 4/7/2025); *Montijo v. Director, USCIS*, 8:25cv262-JFB-RCC (filed 4/8/2025); *Shaileshkumar Patel v. Director, USCIS*, 8:25cv267-JFB-MDN (filed 4/10/2025); *Pacheco v. Director, USCIS*, 8:25cv269-JFB-JMD (filed 4/10/2025); *Duran v. Director, USCIS*, 8:25cv276-JFB-RCC (filed 4/11/2025); *Bravo v. Director, USCIS*, 8:25cv281-JFB-JMD (filed 4/15/2025); *Ashiskumar Patel v. Director, USCIS*, 8:25cv299-JFB-MDN (filed 4/21/2025).

What troubles the Court about these cases is not their volume, that they are all *pro se*, or that they have been randomly assigned to seven different judges who must necessarily engage in duplicative efforts to resolve them.[2] What does trouble the Court is that the cases are

---

The cases assigned to Senior Judge John M. Gerrard are the following: *Jabrani v. Director, USCIS*, 8:25cv63-JMG-MDN (filed 2/10/2025; motion to dismiss filed 3/31/2025); *Chaudhari v. Director, USCIS*, 8:25cv70-JMG-RCC (filed 2/11/2025; motion to dismiss filed 3/31/2025); *Hernandez v. Director, USCIS*, 8:25cv79-JMG-RCC (filed 2/12/2025; motion to dismiss filed 3/26/2026); *Marcos v. Director, USCIS*, 8:25cv87-JMG-JMD (filed 2/14/2025; motion to dismiss filed 3/31/2025); *Jatinkumar Patel v. Director, USCIS*, 8:25cv99-JMG-MDN (filed 2/18/2025; motion to dismiss filed 3/27/2025); *Prasla v. Director, USCIS*, 8:25cv102-JMG-JMD (filed 2/18/2025; motion to dismiss filed 3/31/2025); *Rico v. Director, USCIS*, 8:25cv119-JMG-JMD (filed 2/21/2025; motion to dismiss filed 3/26/2025); *Mendez v. Director, USCIS*, 8:25cv130-JMG-MDN (filed 2/24/2025); *Amaro v. Director, USCIS*, 8:25cv152-JMG-JMD (filed 2/27/2025; motion to dismiss filed 4/11/2025); *Huox v. Director, USCIS*, 8:25cv155-JMG-MDN (filed 2/27/2025; motion to dismiss filed 4/11/2025); *Ordonez v. Director, USCIS*, 8:25cv153 (filed 2/27/2025; motion to dismiss filed 4/3/2025); *Romero v. Director, USCIS*, 8:25cv169-JMG-JMD (filed 3/3/2025); *Peixote v. Director, USCIS*, 8:25cv186-JMG-JMD (filed 3/13/2025); *Alvarado v. Director, USCIS*, 8:25cv187-JMG-JMD (filed 3/14/2023); *Huizache v. Director, USCIS*, 8:25cv196-JMG-JMD (filed 3/18/2025); *Munoz v. Director, USCIS*, 8:25cv213 (filed 3/25/2025); *Antonio v. Director, USCIS*, 8:25cv243-JMG-MDN (filed 4/2/2025); *Reyes v. Director, USCIS*, 8:25cv251-JMG-MDN (filed 4/4/2025); *Guevara v. Director, USCIS*, 8:25cv256-JMG-JMD (filed 4/7/2025); *Nolasco v. Director, USCIS*, 8:25cv265-JMG-RCC (filed 4/9/2025); *Ibarra v. Director, USCIS*, 8:25cv289-JMG-MDN (filed 4/17/2025); *Mora v. Director, USCIS*, 8:25cv300-JMG-RCC (filed 4/21/2025); *Torres v. Director, USCIS*, 8:25cv305-JMG-RCC (filed 4/24/2025); *Meneses v. Director, USCIS*, 8:25cv312-JMB-MDN (filed 4/25/2025).

The cases assigned to United States Magistrate Judge Jacqueline M. DeLuca are the following: *Vedia v. Director, USCIS*, 8:25cv76-JMD (filed 2/12/2025; motion to dismiss filed 3/31/2025); *Rinkeshkumar Patel v. Director, USCIS*, 8:25cv112-JMD (filed 2/19/2025; motion to dismiss filed 3/31/2025); *Neria v. Director, USCIS*, 8:25cv158-JMD (filed 2/28/2025; motion to dismiss filed 4/11/2025); *Chiragkumar Patel v. Director, USCIS*, 8:25cv304-JMD (filed 4/24/2025).

The cases assigned to United States Magistrate Judge Ryan C. Carson are the following: *Thapa v. Director, USCIS*, 8:25cv62-RCC (filed 2/10/25; motion to dismiss filed 3/31/2025); *Cisneros v. Director, USCIS*, 8:25cv135-RCC (filed 2/25/2025; motion to dismiss filed 4/11/2025); *Virani v. Director, USCIS*, 8:25cv157-RCC (filed 2/28/2025; motion to dismiss filed 4/3/2025); *Rodrigues v. Director, USCIS*, 8:25cv201-RCC (filed 3/19/2025); *Delgado v. Director, USCIS*, 8:25cv233-RCC (filed 3/31/2025); *Verani v. Director, USCIS*, 8:25cv278-RCC (filed 4/14/2025).

A case assigned to United States Magistrate Judge Michael D. Nelson is the following: *Miteshkumar Patel v. Director, USCIS*, 8:25cv323-MDN (filed 5/1/2025). A case by a *pro se* plaintiff with the same mailing address but a slightly different claim is assigned to United States Magistrate Judge Michael D. Nelson: *Morales v. Director, USCIS*, 8:25cv268-MDN (filed 4/10/2025) (seeking a waiting list decision with deferred action so his family abroad can get waiting list decisions with conditional parole and end his family's separation).

[2] The other judges of this district assigned such cases are under no obligation to follow the undersigned's resolution of the pending motions to dismiss for lack of subject-matter jurisdiction in the cases before them, nor is the undersigned under any obligation to follow their rulings, even though those motions are also essentially identical.

substantively identical and all plaintiffs list the same mailing address, which suggests to the Court that these cases result from a factory operation for "ghost-written" pleadings.[3]

If the source of these pleadings is an attorney, he or she appears to be violating Nebraska Rule of Professional Conduct § 3-501.2(c), which requires *pro se* filings prepared by an attorney to indicate "prepared by" with the information identifying the attorney.[4] Likewise, if an attorney prepared these pleadings and intends to provide further representation of or legal advice to these *pro se* plaintiffs in this Court—even if only to a limited extent—that conduct would also likely be an ethical violation unless the attorney satisfies the requirements for limited representation in Nebraska Rule of Professional Conduct § 3-501.2(b), (d), and (e). If there is a "ghost-writer," and he or she is not an attorney, he or she may be participating in the unlicensed practice of law, which is also sanctionable in and of itself; moreover, the party himself or herself who submitted such a "ghost-written" pleading drafted by a non-attorney can also be independently sanctioned. *See, e.g.*, *Knapp v. Compass Minnesota, LLC*, No. 24-CV-00100 (SRN-DTS), 2024 WL 3755916, at *4 n.2 (D. Minn. Aug. 9, 2024) (citing *Clark v. Mortenson*, 93 F. App'x 643 (5th Cir. 2004), and *Gajewski v. Ocwen Loan Servicing, LLC*, Case No. 14–cv–9230, 2015 WL 3961611 at *2 n.1 (N.D. Ill. June 25, 2015)), *aff'd*, No. 24-2722, 2025 WL 289372 (8th Cir. Jan. 24, 2025). A non-attorney cannot represent, or sign pleadings on behalf of, another person in

---

[3] "Ghostwriting" is "[t]he practice or an instance of writing something for another who receives credit for the work." BLACK'S LAW DICTIONARY (11th ed.), 831.

[4] The ethical rule states,

> (c) A lawyer may prepare pleadings, briefs, and other documents to be filed with the court so long as such filings clearly indicate thereon that said filings are "Prepared By" and the name, business address, and bar number of the lawyer preparing the same. Such actions by the lawyer shall not be deemed an appearance by the lawyer in the case. Any filing prepared under this rule shall be signed by the litigant designated as "pro se," but shall not be signed by the lawyer preparing the filing.

Neb. R. Pro. Conduct § 3-501.2(c).

federal court. *See, e.g.*, *C.H. by & through Hunt v. Pattonville Sch. Dist.*, No. 4:21-CV-00443-JCH, 2021 WL 4061106, at *2 (E.D. Mo. Sept. 7, 2021) ("A non-attorney pro se litigant may represent him or herself in federal court, but cannot represent another person."); *Jackson v. Dayton*, No. 15-CV-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016) ("pro se litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)" (quoting *Perkins v. Holder*, No. 13–CV–2874 (PAM/FLN), 2014 WL 755378, at *5 n. 8 (D. Minn. Feb. 26, 2014))), *report and recommendation adopted*, No. 15-CV-4429 (WMW/JSM), 2016 WL 2930913 (D. Minn. May 19, 2016); *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (explaining that it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1333, at 513 & n.15 (2004))).

Further, the lack of subject-matter jurisdiction over these cases is so patently obvious—for the reasons explained below—that the Court finds these cases are likely frivolous. Frivolous pleadings could also make those responsible—whether attorneys or non-attorneys—subject to sanctions. *See* Fed. R. Civ. P. 11(c); *see also* *Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1103 (8th Cir. 2024) (discussing a district court's options to sanction frivolous claims or filings).

*Pro se* plaintiffs have every right to file and pursue federal lawsuits in accordance with court procedures and rules. However, attorneys and non-attorneys are not allowed to litigate cases behind the scenes by providing legal representation to *pro se* plaintiffs while keeping their identity concealed from the Court. Those responsible for filing these substantively identical *pro se* cases must govern themselves in accordance with the law.

### B. Some Legal Background

The factual allegations in this case will make more sense with a brief statement of the legal background. At issue in this group of *pro se* cases is the U visa program, which was created as part of the Victims of Trafficking and Violence Protection Act of 2000 and is codified at 8 U.S.C. § 1101(a)(15)(U). The U visa program grants temporary lawful nonimmigrant status and work authorization to aliens if USCIS determines "the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity" that has occurred in the United States; "the alien . . . possesses information concerning [that] criminal activity"; and "the alien . . . has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting [that] criminal activity." 8 U.S.C. § 1101(a)(15)(U)(i). An immigrant seeks a U visa by filing an I-918 petition. Petition for U Nonimmigrant Status, USCIS, https://www.uscis.gov/I-918 (designating the U visa petition to be filed with USCIS as an "I-918 Petition for U Nonimmigrant Status."); 8 C.F.R. § 214.14(c)(1). Certain family members of the I-918 principal petitioner may be eligible for derivative U nonimmigrant status by submitting a Form I-918A. 8 C.F.R. § 214.14(f)(1)–(2). If the U visa petition is approved, and the petitioner is present in the United States, the petitioner will receive lawful nonimmigrant status and employment authorization for up to four years, which can be renewed. 8 U.S.C. §§ 1184(p)(6), 1184(p)(3)(B); 8 C.F.R. § 274a.12(a)(19). Petitioners must specifically seek employment authorization, and they generally do so by filing a separate Form I-765 Application for Employment Authorization simultaneously with their I-918 petitions. *See* I-765, Application for Employment Authorization, USCIS, available at https://www.uscis.gov/i-765.

However, Congress capped the number of principal U visas available each year at 10,000. 8 U.S.C. § 1184(p)(2)(A). The number of petitions far exceeds the number of U visas available. New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53,033 ("USCIS estimates that it will receive 12,000 Forms I-918 and 24,000 Forms I-918, Supplement A each fiscal year."). If USCIS determines a petitioner is eligible in all respects but the annual cap means no U visas are available, the petitioner is placed on a waiting list. 8 C.F.R. § 214.14(d)(2). According to the regulation, a petitioner on the waiting list may receive employment authorization in USCIS's discretion. *Id.* Petitioners residing in the United States will receive deferred action and await the availability of a U visa. *Id.*

As to the statutory provision directly at issue here, the Immigration and Nationality Act (INA) provides in part, "The Secretary [USCIS] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). Based on this authority, USCIS implemented the bona fide determination (BFD) process to streamline review for potentially granting employment authorization documents (EADs) to bona fide petitioners. *See* Policy Alert, USCIS (June 14, 2021), available at: https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf. Pursuant to the BFD process, USCIS makes a case-by-case determination of whether to issue an EAD. Chapter 5 - Bona Fide Determination Process, USCIS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5.

Although the term "bona fide application" appears in § 1184(p)(6), the statute does not define "bona fide," "bona fide application," or otherwise dictate the process that the Secretary uses to determine whether to grant work authorization. *See* 8 U.S.C. § 1184(p)(6). Consequently, USCIS explains,

> As a matter of policy, USCIS interprets "bona fide" as part of its administrative authority to implement the statute as outlined below. Bona fide generally means "made in good faith; without fraud or deceit." Accordingly, when interpreting the statutory term within the context of U nonimmigrant status, USCIS determines whether a petition is bona fide based on the petitioner's compliance with initial evidence requirements and successful completion of background checks. If USCIS determines a petition is bona fide, USCIS then considers any national security and public safety risks, as well as any other relevant considerations, as part of the discretionary adjudication.

Chapter 5 - Bona Fide Determination Process, USCIS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5.

## C. Factual Background

Turning to the factual background to this case, in a "facial" attack on subject-matter jurisdiction—which Defendant asserts she is mounting here, *see* Filing 6 at 9—courts must look only at the pleadings and provide the same protections available under Federal Rule of Civil Procedure 12(b)(6). *See Smith v. UnitedHealth Grp. Inc.*, 106 F.4th 809, 813 (8th Cir. 2024) (stating standards for "facial" challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1)); *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (stating standards for failure to state a claim pursuant to Rule 12(b)(6)). Thus, the pertinent factual allegations are drawn from the Complaint.

### *1. Facts Specific to this Plaintiff*

Plaintiff Yaina Del Carmen Molina De Borges alleges that she is over eighteen years old, a citizen and national of Venezuela, and that she currently resides in Phoenix, Arizona. Filing 1 at 1 (¶ 1). De Borges lists both a "physical address" in Phoenix, Arizona, and the "mailing address" in Dover, Delaware, listed above. Filing 1 at 2 (¶ 8). De Borges alleges that she does not have an attorney for purposes of this litigation and that she is complying with this District's rules regulating *pro se* complaints. Filing 1 at 2 (¶¶ 6–7). De Borges alleges that she has lived in

the United States for approximately 3 years. Filing 1 at 4 (¶ 14). She alleges that on January 10, 2023, she was the victim of extortion in Phoenix, Arizona. Filing 1 at 4 (¶ 15).

Rodriguez's remaining personal allegations are the following:

> 16. On 06/22/2023, Plaintiff Yaina Del Carmen Molina De Borges filed [a] complete I-918, Petition for U Nonimmigrant Status—including but not limited to [a] complete Form I-918, a signed personal statement, and a timely and signed supplement B.
>
> 17. Plaintiff Yaina Del Carmen Molina De Borges also filed a Form I-765 for work authorization.
>
> 18. USCIS assigned Yaina Del Carmen Molina De Borges's Form I-918 receipt number: LIN2323451233
>
> 19. USCIS assigned Yaina Del Carmen Molina De Borges's Form I-765 receipt number: LIN2323451255
>
> 20. Plaintiff Yaina Del Carmen Molina De Borges does not have any disqualifying criminal history.
>
> 21. To date, USCIS has taken no action on any of Plaintiff Yaina Del Carmen Molina De Borges's applications, and they [sic] have been waiting since 06/22/2023.
>
> 22. This delay leaves them [sic] without a bona fide determination, work authorization, or deferred action.
>
> 23. This delay is harmful.

Filing 1 at 4–5 (¶¶ 16–23). De Borges also alleges that she "has exhausted all administrative remedies, and exhaustion is not required for an unreasonable delay case." Filing 1 at 5 (¶ 27) (citing *Darby v. Cisneros*, 509 U.S. 137 (1993)).

*2. Allegations in Support of Plaintiff's Claim*

The rest of the allegations in the Complaint of interest here are set out in Plaintiff's First Cause of Action identified as a claim under the Administrative Procedure Act (APA) for "Unlawful Withholding or Unreasonable Delay." Filing 1 at 5. The gravamen of this cause of action is the following:

> 29. USCIS has unreasonably delayed bona fide determinations ("BFDs") and BFD Employment Authorization Documents ("EADs") for all Plaintiffs and their qualifying relatives. 5 U.S.C. §§ 55l(b), 706(1).
>
> 30. BFD and EADs are required and discrete actions. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004) ("*SUWA*")
>
> 31. This Court has jurisdiction in unreasonable delay claims over agency actions that are required and discrete. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

Filing 1 at 5 (¶¶ 29–31).

Plaintiff's jurisdictional argument has two prongs:

> 32. First, USCIS is required to make a BFD and EAD decision. *Barrios Garcia v. U.S. Dep't Homeland Security*, 25 F.4th 430, 441-52 (6th Cir. 2022).
>
> * * *
>
> 40. Second, BFDs and EAD decisions are discrete acts.

Filing 1 at 5–6 (¶¶ 32, 40). As to the first prong, Plaintiff alleges that "*a decision* is required even if a benefit is ultimately discretionary." Filing 1 at 6 (¶ 38) (emphasis in the original) (citing *SUWA*, 542 U.S. at 66). Plaintiff concludes, "Because a BFD and EAD decision are required, discrete acts, this Court has jurisdiction to review Plaintiffs unreasonable delay claims." Filing 1 at 6 (¶ 42).

As to the merits of her claim, Plaintiff alleges that she has suffered "an unreasonable delay under the factors laid out in *Telecommunications Research & Action Ctr. v. FCC ('TRAC')*, 750 F.2d 70 (D.C. Cir. 1984)," and that "[a]ll of the *TRAC* Factors weigh in favor of compelling agency action." Filing 1 at 7 (¶ 49). She makes allegations as to application of each of the *TRAC* factors, *see* Filing 1 at 7–13, but the Court need not recount or summarize them at this point in the proceedings, where the issue is subject-matter jurisdiction, not whether Plaintiff states a claim upon which relief can be granted.

### D. Procedural Background

Plaintiff filed her *pro se* Complaint in this matter on February 18, 2025. Filing 1. As mentioned above, she asserts a single cause of action under the APA for "Unlawful Withholding or Unreasonable Delay" in issuing a BFD and an EAD for herself and her qualifying relatives (even though she has none) pursuant to 5 U.S.C. §§ 551(b) and 706(1). Filing 1 at 5 (¶ 29). As relief on this claim, she asks the Court to do the following:

> 106. Take jurisdiction over this case;
>
> 107. Declare the delays described above as unreasonable;
>
> 108. Order USCIS to make bona fide determinations and decisions on the pending work authorization applications within 14 days;
>
> 109. Order USCIS to pay reasonable attorney's fees under the Equal Access to Justice Act or any other provision of law; and
>
> 110. Any other order necessary to ensure justice.

Filing 1 at 14 (¶¶ 106–110).

On March 31, 2025, Defendant filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) now before the Court. Filing 5. Plaintiff filed no opposition to Defendant's Motion. Under the applicable local rule, "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C). Thus, Plaintiff's failure to respond notwithstanding, the Court must consider the merits of Defendant's Motion. On the other hand, Plaintiff is precluded from contesting Defendant's statement of facts in support of its Motion.

## II. LEGAL ANALYSIS

### A. Defendant's Motion to Dismiss

Defendant's Motion to Dismiss asserts lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that Congress precluded review of

discretionary agency determinations under the INA *inter alia* in 8 U.S.C. § 1252(a)(2)(B)(ii). Filing 6 at 9–10. Defendant argues that this bar includes the discretionary employment authorizations Plaintiff seeks because the language of 8 U.S.C. § 1184(p)(6) states that the Secretary "may" grant the work authorization. Filing 6 at 10 (quoting 8 U.S.C. § 1184(p)(6)). Furthermore, Defendant argues that the pace at which USCIS adjudicates these discretionary decisions also necessarily falls within the jurisdictional bar in § 1252(a)(2)(B)(ii). Filing 6 at 11. Defendant cites *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024), among other decisions, as supporting this conclusion. *See* Filing 6 at 13. Defendant also points out that Plaintiff has not pleaded that the USCIS has flatly refused to adjudicate his applications. Filing 6 at 14.

Defendant argues that BFDs standing alone are not independently reviewable because by itself a BFD provides no tangible benefit to the petitioner. Filing 6 at 15. Defendant argues that instead it is simply part of the process of determining who is eligible for an EAD. Filing 6 at 15. Defendant argues that review of the process is barred under § 1252(a)(2)(B)(ii), as explained in *Thigulla*. Filing at 15. For similar reasons, Defendant argues that the decisions to grant deferred action are not independently reviewable. Filing 6 at 17.

## B. Applicable Standards

### *1. Rule 12(b)(1) Standards*

Defendant's Motion is controlled by Rule 12(b)(1) standards. Federal Rule of Civil Procedure 12(b)(1) provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden of establishing subject matter jurisdiction" when a defendant moves to dismiss under Rule 12(b)(1). *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)).

"When considering a motion under Rule 12(b)(1), a court is to consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." *Smith v. UnitedHealth Grp. Inc.*, 106 F.4th 809, 813 (8th Cir. 2024) (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016)). "The method in which the district court resolves a Rule 12(b)(1) motion . . . obliges [the Circuit Court of Appeals] to follow the same approach." *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071, 1077 (8th Cir. 2024) (quoting *Carlsen*, 833 F.3d at 908). "If [a Rule 12(b)(1) motion] is a facial attack, the court looks only at the pleadings and gives the non-moving party the same protections available under Rule 12(b)(6)." *Smith*, 106 F.4th at 813. The Rule 12(b)(6) "protections" or "safeguards" require the Court to "accept 'the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the nonmovant.'" *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). However, on a "facial" challenge, the Court "can consider documents 'necessarily embraced by the complaint,' including 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023) (quoting *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017)). In contrast,

> "When the moving party makes a factual attack on the court's subject-matter jurisdiction, ... the district court may look outside the pleadings and weigh evidence." *Two Eagle [v. United States]*, 57 F.4th [616,] 620 [(8th Cir. 2023)]. "We review the district court's resolution of factual disputes for clear error and its decision on whether it lacks subject-matter jurisdiction de novo." *Id.*

*Hilger*, 87 F.4th at 899.

In this case, Defendant states that it "brings a facial challenge." Filing 6 at 9. The Court finds no reason to depart from the requirements of a "facial" challenge to subject-matter jurisdiction in this case, so it will apply Rule 12(b)(6) protections or safeguards. *Smith*, 106 F.4th

at 813; *Bauer*, 25 F.4th at 589. Even so, the Court may still consider matters embraced by the Complaint. *Rossi*, 60 F.4th at 1193.

*2. The Jurisdiction-Stripping Statute*

Here, Plaintiff's claim is pursuant to the APA, but "[t]he APA's right to judicial review does not apply when 'statutes preclude judicial review.'" *Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024) (quoting 5 U.S.C. § 701(a)(1)). Here, 8 U.S.C. § 1252 provides in part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii). With this statute, "Congress stripped federal courts of jurisdiction to review" the discretionary decisions specified. *Bouarfa v. Mayorkas*, 604 U.S. 6, 11 (2024). In other words, this provision—like its companion § 1252(a)(2)(B)(i)—"contains language indicating that the decision is entrusted to the Attorney General's discretion." *Id.* at 14 (quoting *Kucana v. Holder*, 558 U.S. 233, 246 (2010)). Section 1252(a)(2)(B)(ii) "bars judicial review of decisions 'made discretionary *by legislation*,'" not simply by a regulation. *Id.* at 17 (quoting *Kucana*, 558 U.S., at 246–247, with emphasis added by the *Bouarfa* Court).

As the Eighth Circuit Court of Appeals has explained,

> Two elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381) (Subchapter II). *See Kucana v. Holder*, 558 U.S. 233, 253, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010) (Alito, J., concurring) ("The phrase 'under this subchapter' refers to Subchapter II of Chapter 12 of Title 8, 8 U.S.C. §§ 1151–1381 ....").

*Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024). As to the second requirement, when Congress states in a statute that the Secretary "may" take certain action, that language "set[s] out the discretionary authority" of the Secretary. *Id.* at 775.

### C. The Jurisdiction-Stripping Statute Strips This Court of Subject-Matter Jurisdiction Over Plaintiff's Claim

As to the first element to trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar, there must be a decision or action by the Attorney General or the Secretary of Homeland Security. *Thigulla*, 94 F.4th at 774. That decision here is whether to "grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). Section 1184(p)(6) falls within the subchapter to which § 1252(a)(2)(B)(ii) applies. *See Thigulla*, 94 F.4th at 774 (identifying the statutes in the subchapter covered by the jurisdiction-stripping provision as 8 U.S.C. §§ 1151–1381).

As to the second element that triggers the jurisdictional bar, § 1184(p)(6) expressly and unequivocally states that the Secretary "may grant work authorization," so that the statute sets out the Secretary's discretionary authority. *See Thigulla*, 94 F.4th at 775 (explaining that use of "may" sets out discretionary authority). In context, the discretionary "may" logically applies not just to the determination itself but also to whether to make such a determination at all and according to what process. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 371 (4th Cir. 2021) (explaining that § 1184(p)(6) allows the Secretary, if she chooses, in her discretion, to conduct an adjudication). Nothing in the statutory language compels the Secretary to make any determination. Furthermore, when Congress gave the Secretary discretion to make the determination, including whether to make the determination at all, Congress did not define what a "bona fide application for nonimmigrant status" for a U visa is, nor did Congress define the process the Secretary is to use to decide whether the application is "bona fide." These decisions

likewise fall within the discretion of the Secretary not only to decide whether to grant a work authorization but whether to adjudicate a request for a work authorization and according to what process. The Secretary exercised that discretion by defining "bona fide application" for purpose of § 1184(p)(6) and the process to make the determination. *See* Chapter 5 - Bona Fide Determination Process, USCIS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5.

The statutory language at issue here differs from the statutory language at issue in *Thigulla*. In *Thigulla*, the Eighth Circuit concluded that the statute at issue, 8 U.S.C. § 1255(a), expressly gave the Secretary discretion both to adjust an applicant's status and to enact "such regulations as he may prescribe" to administer the process. 94 F.4th at 775 (quoting 8 U.S.C. § 1255(a)). Section 1184(p)(6) does not include a specific authorization for the Secretary to prescribe pertinent regulations for U visa applicants. *See* 8 U.S.C. § 1184(p)(6). On the other hand, § 1184—the provision authorizing admission of nonimmigrant aliens—elsewhere provides that "[t]he admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe. . . ." 8 U.S.C. § 1184(a)(1). Moreover, in *Thigulla*, the Eighth Circuit also recognized that there is a "tradition of agency discretion over internal procedures." 94 F.4th at 777 (quoting *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016)). The absence of directives to the Secretary as to whether to grant a work authorization, whether even to consider doing so, and how to make the determination place those matters clearly within the "tradition of agency discretion over internal procedures." *Id.*

In contrast, Plaintiff alleges that "USCIS is required to make a BFD and EAD decision." Filing 1 at 5 (¶ 32) (citing *Barrios Garcia v. U.S. Dep't Homeland Security*, 25 F.4th 430, 441-52

(6th Cir. 2022)). However, that allegation is a legal conclusion that the Court need not accept as true on a facial challenge to subject-matter jurisdiction, even where a plaintiff is entitled to Rule 12(b)(6) protections. *See Smith*, 106 F.4th at 813 (stating standards for "facial" challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) include Rule 12(b)(6) protections); *see also Stalley v. Cath. Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (explaining that on a Rule 12(b)(1) facial challenge, courts "giv[e] no effect to conclusory allegations of law," and "[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right."). The Sixth Circuit's decision in *Barrios Garcia* on which Plaintiff relies is not controlling, and the Court does not find it persuasive. In *Barrios Garcia*, the Sixth Circuit "read this statute [§ 1184(p)(6)] as requiring the DHS Secretary to decide if an application is 'pending' and 'bona fide' before the agency can wield its discretion to grant an applicant work authorization." 25 F.4th at 444. In contrast, the Fourth Circuit concluded that "[t]he term 'pending, bona fide application' merely sets forth a prerequisite that the agency must satisfy if it chooses, in its discretion, to conduct an adjudication." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 371 (4th Cir. 2021). As explained above, this Court reads § 1184(p)(b) consistent with the Fourth Circuit's conclusion, leaving to the Secretary the discretion to choose whether to conduct an adjudication.

Because Defendant has satisfied both elements that trigger the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(ii), the Court concludes that review of any determination under 8 U.S.C. § 1184(p)(6) is barred by the jurisdiction-stripping provision.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Defendant's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), Filing 5, is granted, because the Court lacks subject-matter jurisdiction over Plaintiff's claim where such jurisdiction is stripped by 8 U.S.C. § 1252(a)(2)(B)(ii).

Dated this 5th day of May, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge